IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | : CIVIL ACTION NO. 1:21-CV-1215 |
| Petitioner | : |
| v. | : (Judge Conner) |
| H. QUAY, R. THOMPSON, | : |
| Respondents | : |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"). Named as respondents are H. Quay and R. Thompson, Wardens at the Federal Correctional Complex, Allenwood, Pennsylvania. For the reasons set forth below, the court will deny the petition.

**I.    Factual Background**

On June 12, 2020, Banks was sentenced in the United States District Court for the Western District of Pennsylvania to an aggregate 104-month term of imprisonment for wire fraud and aggravated identity theft in case number 2:15-CR-168. See Banks v. Fed. BOP, *et al.*, No. 1:21-CV-807 (M.D. Pa.), Doc. 8-2 at 2 ¶ 11, Declaration of Gail Crowe, Management Analyst at the Designation and Sentence Computation Center ("Crow Decl."); Doc. 8-2 at 5-8, Public Information Inmate Data. His projected release date is February 4, 2023, *via* good conduct time. See id., Doc. 8-2, Crowe. Decl., at 2 ¶ 12; Doc. 8-2 at 5-8. Before this sentence, Banks

received two, relevant federal sentences in the United States District Court for the Western District of Pennsylvania.  See United States v. Banks, No. 2:03-CR-245 (W.D. Pa.); United States v. Banks, No. 2:04-CR-176 (W.D. Pa.).  In those cases, Banks was sentenced to an aggregate 123-month term of imprisonment.  See id.  He satisfied that sentence on May 24, 2013 and began serving a 3-year term of supervised released.  See Banks, 1:21-CV-807, Doc. 8-2, Crowe Decl., at 1 ¶ 6.  While on supervised release, Banks committed the crimes of wire fraud and aggravated identity theft.  See Banks, No. 2:15-CR-168.  As a result, his supervised release was revoked and, on October 23, 2013, he was arrested by the United States Marshals Service ("USMS").  See Banks, 1:21-CV-807, Doc. 8-2, Crowe Decl., at 1-2 ¶ 7; Doc. 8-2 at 18-19, Individual Custody/Detention Report.

On November 25, 2013, the United States District Court for the Western District of Pennsylvania sentenced Banks to a 14-month term of imprisonment for violating the conditions of his supervised release.  See Banks, No. 2:04-CR-176, Doc. 715.  Because Banks remained in custody from the date of his arrest on October 23, 2013 through November 24, 2013, the day before sentencing, he received jail credit for that time.  See Banks, 1:21-CV-807, Doc. 8-2, Crowe Decl., at 2 ¶ 8.  He satisfied this sentence on October 28, 2014.  See id.  Due to the pending supervised release violation in case number 2:03-CR-245, Banks remained in federal custody.  See id.  Two days later, on October 30, 2014, his supervised release was revoked in case number 2:03-CR-245.  See Banks, No. 2:03-CR-245, Doc. 675.  Also on October 30, 2014, the Western District of Pennsylvania sentenced Banks to time-served in case number 2:03-CR-245, to run concurrent to the term of imprisonment imposed in

case number 2:04-CR-176.  See id., Doc. 676.  The time-served sentence consisted of two days—October 29, 2014 and October 30, 2014—because that custodial time had not been credited to another sentence.  See Banks, 1:21-CV-807, Doc. 8-2, Crowe Decl., at 2 ¶ 9.  On October 30, 2014, Banks satisfied this sentence and was released from federal custody.  See id.

On August 7, 2015, Banks was taken into USMS custody in relation to the charges in case number 2:15-CR-168 and has remained in federal custody since that time.  See id., Doc. 8-2, Crowe Decl., at 2 ¶ 10; Doc. 8-2 at 40, Order of Temporary Detention.

Gail Crowe, BOP Correctional Management Analyst at the Designation and Sentence Computation Center, audited Banks' sentence calculation and certified that his sentence calculation was correct.  See id., Doc. 8-2, Crowe Decl., at 1 ¶¶ 1, 3, 4.  On June 12, 2020, the Western District of Pennsylvania sentenced Banks to a term of 104 months for his conviction at 2:15-CR-168.  See id., Doc. 8-2, Crowe Decl., at 2 ¶ 12; Doc. 8-2 at 5-8, Public Information Inmate Data.  Banks received prior custody credit from August 7, 2015, the day he was placed into USMS custody, through June 11, 2020, the day before his current federal sentence was imposed.  See id.  Hence, Banks received a total of 1,771 days of prior custody credit.  See id.

In the instant habeas petition, Banks challenges his sentence computation.  (Doc. 1).  He argues that he is entitled to 20 months of prior custody credit that was not applied toward his current federal term.  (Id. at 1).  For relief, Banks seeks "20 months prior jail credit", release from custody, or placement in a residential reentry center ("RRC").  (Id. at 1, 2).  Respondent argues that the petition should be

3

dismissed because Banks failed to exhaust administrative remedies with respect to his sentence computation claim and his request for prior custody credit. (Doc. 11). The petition is ripe for disposition.

## II.     Discussion

### A.     Exhaustion of Administrative Review

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. Moscato, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)).

Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative

procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. If an issue raised by the inmate cannot be resolved through the administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. 28 C.F.R. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief. (Doc. 11-1 at 1 ¶ 3, Declaration of Erin Frymoyer, BOP Attorney ("Frymoyer Decl.")).

Banks' Administrative Remedy Generalized Retrieval report indicates that, on November 20, 2020, he filed Administrative Remedy Number 1057800-F1 at FCI-Oakdale requesting prior custody credit. (Doc. 11-1 at 19, Administrative Remedy Generalized Retrieval). On December 15, 2020, the institution denied the request. (Id.) On December 21, 2020, Banks appealed the denial to the Regional Office, designated as Administrative Remedy Number 1057800-R1. (Id.) On February 26, 2021, the appeal was denied. (Id.) Banks did not appeal the denial to the Central Office and failed to take any further action with respect to this Administrative Remedy. (See id.)

On September 28, 2021, Banks filed Administrative Remedy Number 1095804-F1 at FCI-Fort Dix requesting jail credit for a concurrent sentence. (Id. at 21). On October 7, 2021, the institution denied the request. (Id.) Banks did not appeal the denial to the Regional Office and did not take any further action with respect to this Administrative Remedy. (See id.)

Banks argues that the administrative remedy process was effectively unavailable because he never received a response from local BOP staff or the Regional Office, and he filed an appeal to the Central Office but failed to receive a response. (Doc. 1 at 2; Doc. 12). The record indicates otherwise. Indeed, nothing in the record before the court establishes that Banks pursued Administrative Remedy Numbers 1057800 or 1095804 to the Central Office, as required for full exhaustion of an administrative remedy appeal. According to the Administrative Remedy Generalized Retrieval, Banks appealed Administrative Remedy Number 1057800 to the Regional Office, but unequivocally failed to appeal to the Central Office. The record also reveals that Banks never filed an appeal of Administrative Remedy Number 1095804 to the Northeast Regional Office or Central Office.

With respect to Banks' claim that staff did not respond to his administrative remedy appeals, the purported failure to respond to an appeal does not excuse Banks from exhausting his administrative remedies. To the contrary, the regulations explicitly provide that "[i]f the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18; see also Moscato, 98 F.3d at 762 (concluding that there was no cause for default of administrative remedies where petitioner failed to allege any "external impediment" to filing a timely appeal).

Despite being well aware of the BOP's exhaustion requirements, Banks failed to "avail[] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). Banks

7

has not identified BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Absent proper exhaustion, Banks' claims are procedurally defaulted, and the habeas petition must be dismissed. However, assuming *arguendo* that BOP staff improperly obstructed Banks' administrative remedy process and exhaustion could be excused, his claims are without merit. Erring on the side of caution, we will alternatively address the merits of Banks' habeas petition.

### B.     Merits of the Habeas Petition

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, Woodall v. Fed. BOP, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Section 3585 of Title 18, which governs prior custody credit, provides:

(a) Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

>> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The United States Supreme Court has made clear that a defendant cannot receive a "double credit" for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992).

As stated, Banks is currently serving an aggregate 104-month term of imprisonment for wire fraud and aggravated identity theft imposed on June 12, 2020. Banks, 1:21-CV-807, Doc. 8-2, Crowe Decl., at 2 ¶ 11; Doc. 8-2 at 5-8. Banks received prior custody credit toward his current federal sentence from August 7, 2015, the date of his arrest, through June 11, 2020, the day before his federal sentence was imposed. See id., Doc. 8-2, Crowe Decl., at 2 ¶ 12; Doc. 8-2 at 5-7. Thus, Banks received a total of 1,771 days of prior custody credit. See id. Banks now seeks additional prior custody credit of 20 months based on "the same 2013 conduct." (Doc. 1 at 1). Pursuant to 18 U.S.C. § 3585(b), Banks is prohibited from receiving this prior custody credit because the jail credit was already applied to his previous revocation sentences in case numbers 2:03-CR-245 and 2:04-CR-176. Banks, 1:21-CV-807, Doc. 8-2 at 18-22, Individual Custody/Detention Report; Doc. 8-2 at 29, 34, Sentence Monitoring Computation; see also 18 U.S.C. § 3585(b) (precluding an inmate from receiving double credit); Wilson, 503 U.S. at 337

(explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time.").

Based on the foregoing, the court concludes that the BOP properly granted Banks 1,771 days of prior custody credit from August 7, 2015, the date of his arrest, through June 11, 2020, the last day before the imposition of his federal sentence. See 18 U.S.C. § 3585(b). Banks has been afforded all credit due pursuant to 18 U.S.C. § 3585. Thus, even if exhaustion was excused, the court would nonetheless deny the habeas petition on the merits.

### III. Conclusion

The petition for writ of habeas corpus will be denied. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      December 17, 2021